UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UV LOGISTICS, LLC<br>D/B/A UNITED VISION LOGISTICS<br>4021 Ambassador Caffery Pkwy<br>Suite 200, Bldg A<br>Lafayette, LA 70503,<br><br>  Plaintiff,<br><br>v.<br><br><br>CISCO LOGISTICS, LLC<br>AKA CISCO LOGISTICS LEASING, LLC<br>C/O: Corporation Service Company,<br>d/b/a CSC-Lawyers Inco<br>211 E. 7th Street, Suite 620<br>Austin, TX 78701,<br><br>  Defendant,<br><br>and<br><br>NORTH AMERICAN SPECIALTY<br>INSURANCE COMPANY<br>C/O: James V. Hatem, Registered Agent<br>Nixon Peabody, LLP<br>900 Elm Street<br>Manchester, NH 03101<br><br>  Defendant. | §<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO.<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

  This is a shipping case for unpaid transportation services and freight charges by United Vision Logistics (hereinafter, "Plaintiff" or "UV Logistics") against Cisco Logistics Leasing, LLC (hereinafter, "Defendant Cisco") and North American Specialty Insurance Company (hereinafter, "Defendant North American").

Plaintiff's Original Complaint                            1
RG File 3064789

## PARTIES

1. Plaintiff United Vision Logistics is a Delaware corporation with its principal place of business in Lafayette, Louisiana.

2. Defendant Cisco Logistics, LLC, also known as Cisco Logistics Leasing, LLC, is a Texas corporation with its principal place of business at 12219 Interstate 20, Cisco, TX 76437-6577. Defendant Cisco has appointed Corporation Service Company, D/B/A CSC-Lawyers INCO, 211 E. 7th Street, Suite 620, Austin, TX 78701, as its registered agent for service of process.

3. Defendant North American Specialty Insurance Company is an insurance company incorporated in New Hampshire. According to its business filings with the New Hampshire Department of State, Defendant North American's principal office address is The Center of New Hampshire, 650 Elm Street, Manchester, NH 03101, and it has appointed James V. Hatem, Esq., Nixon Peabody, LLP, 900 Elm Street, Manchester, NH 03101 as its registered agent for service of process.

## JURISDICTION AND VENUE

4. This action arises under the shipping laws of the United States, including, but not limited to, 49 USC §13703, 49 USC §13707(b)(1), 49 USC §13710, 49 USC §14501, 49 USC. §14706, *et seq.*, and 49 CFR 371, *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

5. This Court has personal jurisdiction over Defendant Cisco because Defendant has its principal place of business in Texas and, specifically, in the Northern District of Texas.

6. This Court has personal jurisdiction over Defendant North American because it issued a bond to Defendant Cisco for business to be conducted in Texas.

7. Defendants have established minimum contacts with the forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice by deriving substantial revenue from the sale and use of products and services, including the services at issue in this matter, within this District; expecting or being in a position to reasonably expect its actions to have consequences within this District; and regularly doing business, soliciting business, engaging in other persistent acts of conduct, and deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

8. Venue is proper in this District under 28 USC §1391.

## COUNT ONE

9. The transportation services provided by Plaintiff to Defendant Cisco and Plaintiff's resulting claims herein are governed by the shipping laws of the United States, 49 USC §§101-80504.

10. Plaintiff, at all times relevant herein, operated as a "Carrier" within the definition in 49 USC §13102.

11. Plaintiff is a Third-Party Logistics (3PL) carrier that hauls freight over a 3PL MC license.

12. Defendant Cisco, at all times relevant herein, operated as a "Broker" within the definition in 49 USC §13102.

13. Defendant Cisco, at all times relevant herein, operated as an "Individual Shipper" within the definition in 49 USC §13102.

14. The Tariff Setting Forth Carrier's Service Conditions for UV Logistics, LLC d/b/a United Vision Logistics Naming Rules, Regulations, Rates and Charges (hereinafter, the "Tariff Circular") sets forth the contractual terms governing the transportation services provided by Plaintiff to Defendant Cisco at issue in the within action. See Exhibit A.

15. Defendant Cisco, via its controller, Jeff Vogt, signed an Application for Credit from Plaintiff, in which it agreed to remit payment for Plaintiff's charges, as well as interest at the rate of 1 ½% per month, collections fees, and legal fees on past due amounts. See Exhibit B.

16. There is no private carriage contract between the parties that governs the transportation services at issue in the within action.

17. Pursuant to the terms of the Tariff Circular, Plaintiff performed the transportation services agreed to by the parties.

18. Pursuant to the terms of the Tariff Circular, Plaintiff invoiced Defendant Cisco for the transportation services. See Exhibit C (the reverse side of Waybill can be found at Exhibit B2, but has been omitted from the remainder of the exhibits to avoid unnecessary duplication).

19. Defendant Cisco made payment for some of the invoices issued by Plaintiff, but has failed to make payment for the full balance of the invoiced transportation services provided by Plaintiff to Defendant Cisco, thereby breaching the terms of the Tariff Circular.

20. Defendant Cisco failed to satisfy conditions precedent established in the Tariff Circular, and therefore Defendant Cisco is not entitled to relief or setoff from the carrier charges. Defendant Cisco is now time-barred from making such a claim for relief from payment under the statutory code and contract provision.

21. Plaintiff is entitled to interest, its reasonable attorney fees, and its collection costs pursuant to Item 1020 of the Tariff Circular, which reads as follows:

<u>Item 1020 – INTEREST AND FEES ON PAST DUE ACCOUNTS</u>

Carrier will assess one and one-half percent (1 ½%) per month on past due indebtedness for collection, handling, late fees and interest. In the event Carrier retains the services of legal counsel or a collection agency to collect any outstanding indebtedness, Shipper shall be responsible for reasonable attorney and collection agency fees or costs.

22. Pursuant to the Tariff Circular and 49 CFR §377.203, Defendant Cisco is liable to Plaintiff for the unpaid freight charges in the amount $103,868.49, plus interest from September 26, 2019 to March 26, 2019 in the amount of $42,702.84, interest from March 26, 2019 at the rate of 1 ½% per month, and Plaintiff's collection costs and attorney fees.

23. Although due demand has been made, Defendant Cisco has failed to liquidate the balance due and owing on the unpaid carrier charges.

## COUNT TWO

24. Plaintiff restates the allegations contained in Count One and incorporates the same by reference herein.

25. Defendant Cisco failed to satisfy the conditions precedent set forth in 49 USC §13710 within 180 days of the billed invoice.

26. As a result of Defendant Cisco's failure to contest the billed invoices pursuant to 49 USC §13710, Defendant Cisco is now time-barred from making such a claim for relief from payment under the statutory code and contract provision.

27. Defendant Cisco is not entitled to relief or setoff from the carrier charges.

## COUNT THREE

28. Plaintiff restates the allegations contained in Count One and Count Two, and incorporates the same by reference herein.

29. Upon information and belief, Defendant North American is a surety under a Brokers Bond which secures Defendant Cisco's obligations as a broker.

30. Upon information and belief, Defendant North American is obligated to make payment for the unpaid carrier charges claimed herein.

WHEREFORE, Plaintiff requests judgment against Defendants, jointly and severally, in the amount of $160,299.51 with contract interest at the rate of 1 ½% per month from March 26, 2019, its reasonable attorney fees and collection costs as provided for in the Tariff Circular, and costs of this action.

          **RATHBONE GROUP, LLC**

          /s/ *Rebecca W. Wright*
          REBECCA W. WRIGHT, SBN 24085009
          JESSICA R. LOBES, SBN: 24083405
          1001 Texas Avenue, Suite 1400
          Houston, TX 77002
          800-870-5521
          216-298-4495 (fax)
          RWright@RathboneGroup.com
          JLobes@RathboneGroup.com
          *Attorneys for Plaintiff*